IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEITH LITTLE,

      Plaintiff,

      v.

NATIONWIDE CHILDREN'S
HOSPITAL, INC.,

      Defendant.

Case No. 2:09-cv-190
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the court for consideration of Defendant's motion to dismiss (Doc. # 7) and Plaintiff's memorandum in opposition (Doc. # 9). For the reasons that follow, the Court finds Defendant's motion well taken in part.

### I. Background

According to the Complaint, Plaintiff, Keith Little, worked for Defendant, Nationwide Children's Hospital, for approximately thirteen-and-a-half years until he was discharged. Plaintiff subsequently filed a charge with the Equal Employment Opportunity Commission ("EEOC"). On December 11, 2008, the EEOC dismissed the charge and issued Plaintiff a right to sue letter. On March 12, 2009, Plaintiff filed the instant action asserting unlawful employment practices under 42 U.S.C. § 2000e-2(a) through (d) against Defendant. Among Plaintiff's assertions are that he was discharged without due process by Defendant and that he was allowed to "grieve" his discharge only by following the hospital's grievance policy.

Summons was issued to Defendant on March 12, 2009, the date Plaintiff's complaint was filed, and again by certified mail on July 10, 2009. (Docs. # 3, 5.) Defendant was eventually

1

served with Plaintiff's Complaint on July 14, 2009, 130 days after the filing of the Complaint. (Doc. # 6.) Plaintiff did not request or obtain leave of court to extend the time period in which to complete service.

On August 3, 2009, Defendant filed a motion to dismiss Plaintiff's claims. (Doc. # 7.) On August 27, 2009, Plaintiff filed a memorandum in opposition. (Doc. # 9.) Defendant did not file a reply memorandum. The parties have therefore completed briefing on the motion, which is ripe for decision.

## II. Discussion

### A. Insufficiency of Process

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to obtain service on the ground that Plaintiff's service of the complaint and summons were not timely under Federal Rule of Civil Procedure 4(m). (Doc. # 7.)

#### 1. Standard

Rule 12(b)(5) provides that insufficient service of process is a defense to a claim for relief and may be asserted by motion. Fed. R. Civ. P. 12(b)(5). Rule 4(m) requires a plaintiff to serve the summons and complaint upon a defendant within 120 days after a complaint is filed. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006); *Williams v. Smith*, 191 F.3d 454, 1999 WL 777654, at *1 (6th Cir. 1999) (unpublished table decision) (citing Fed. R. Civ. P. 4(m)). The rule provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The rule makes an appropriate extension mandatory upon a showing of good cause. Fed. R. Civ. P. 4(m). "Unless the plaintiff demonstrates good cause for failure to timely serve the defendant, the district court must either dismiss the complaint without prejudice or direct that service be made within a specified time period." *Williams*, 191 F.3d 454, 1999 WL 777654, at *1. Whether good cause has been shown is left to the sound discretion of the district court. *Id.* A plaintiff need not demonstrate good cause, however, before this Court can grant an extension. *Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (stating that pursuant to the Advisory Committee notes and the 1993 amendments to Rule 4(m), "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.' "); *Johnson v. Hayden*, 229 F.3d 1152, 2000 WL 1234354, at *3 n.3 (6th Cir. 2000) (unpublished table decision).

## 2. Analysis

Defendant asserts that service of process was untimely and violated Rule 4(m) because Plaintiff did not effect service within 120 days after filing the complaint. Defendant further argues, based upon Sixth Circuit authority, that in the absence of a showing of good cause by Plaintiff for failure to perfect service within 120 days, dismissal based upon Rule 4(m) is mandatory. Alternatively, Defendant argues that dismissal based upon Rule 4(m) is appropriate because Plaintiff has not attempted to explain why he failed to comply with the rule and Defendant would be prejudiced if this Court were to permit Plaintiff to ignore the 120-day limit.

Although Plaintiff has not established good cause for his failure to comply with the 120-day period mandated by Rule 4(m), this Court has discretion to grant an extension. *See Henderson*, 517 U.S. at 663; *Johnson*, 229 F.3d 1152, 2000 WL 1234354, at *3 n.3. It is only

logical that if this Court can grant an extension of time for future service, absent good cause, then the Court can grant an extension and accept already completed (albeit late) service. Accordingly, this Court accepts the July 14, 2009 service upon Defendant. *See* Fed. R. Civ. P. 4(m). The Court therefore **DENIES** Defendant's motion to dismiss Plaintiff's Complaint based upon Rule 12(b)(5).

### B. Failure to State Individual Claims

Defendant alternatively moves for dismissal of Count 1 and Count 6 of Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Plaintiff has set forth claims upon which this Court may grant relief. (Doc. # 7.)

#### 1. Standard Involved

Under the United States Supreme Court's articulation of the analytic standard involved in applying Rule 12(b)(6), this Court must construe the Complaint in Plaintiff's favor, accept the factual allegations contained in the Complaint as true, and determine whether Plaintiff's factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic* as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litig.*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))). To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007); *Tucker v. Middleburg-Legacy Place, LLC,* No. 1:07CV2015, 2007 WL 3287359, at *2 (N.D. Ohio Nov. 5, 2007). The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Bell*

4

*Atlantic Corp.*, 550 U.S. at 555.

Recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the United States Supreme Court discussed the plausibility standard articulated in *Twombly*:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id.* at 1949-50. Guided by this standard, the Court turns to the merits of Defendant's arguments.

**2. Count 1 Analysis**

Defendant first argues that this Court should dismiss Count 1 of the Complaint because Plaintiff is not entitled to the protection of the Due Process Clause of the Fourteenth Amendment, which prohibits only state actors, not private employers, from depriving individuals of life, liberty, or property without due process of law. (Doc. # 7, at 5.) Count 1 of Plaintiff's complaint states in its entirety: "Nationwide Children's Hospital terminated the Plaintiff without due process (the Plaintiff having served for 13.5 year[s])." (Doc. # 2, at 2.) This pleading fails to set forth sufficient facts to present a plausible claim.

It is well settled that "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 129 S.Ct. at 1949.

5

Count 1 presents a legal conclusion that Plaintiff offers no facts to support. The Complaint asserts no facts supporting the conclusion that Defendant is bound by the cited due process concerns. *See Rodgers v. Maco Management Co., Inc.*, 218 F. App'x 557, 558-59 (8th Cir. 2007) (holding that the Fourteenth Amendment does not impose due process restrictions on a private, non-governmental employer). Nor does the Complaint even contain facts explaining how Defendant terminated Plaintiff's employment without due process. Consequently, the pleading fails to offer facts that are enough to raise a right to relief above a completely speculative level, which means that Plaintiff has failed to assert a plausible claim. *See Bell Atlantic Corp.*, 550 U.S. at 555. For these reasons, the Court concludes that it must dismiss Count 1 of Plaintiff's Complaint.

### 3. Count 6 Analysis

Defendant also moves for dismissal of Count 6 of Plaintiff's Complaint on the grounds that Defendant was under no legal obligation to permit Plaintiff to "grieve" his termination and that to allow Plaintiff to grieve the termination only in accordance with the hospital's grievance policy was not unlawful. (Doc. # 7, at 5.) Count 6 of Plaintiff's complaint states in its entirety: "Nationwide Children's Hospital terminated the Plaintiff then allowed the Plaintiff to grieve the termination only if the Plaintiff followed the hospital grievance policy." (Doc. # 3, at 3.)Such spartan pleading also fails to present a plausible claim.

One district judge has explained:

> The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett,* 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett*

6

*v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

*Davis v. Harwell*, No. 4:07-271-TLW, 2008 WL 4442604, at *2 n.3 (D.S.C. Sept. 25, 2008). In light of such reasoning, this Court must recognize that although Plaintiff's pleading of Count 6 presents general allegations, it is wholly unclear what claim Plaintiff is asserting and the facts upon which that claim are based. There is no reference to the legal obligation involved, the facts giving rise to that obligation, and the actions that allegedly violate the obligation. This Court has previously stated, it

> cannot construct possible but potentially not asserted claims for any party, including a *pro se* plaintiff, and then proceed to test whether the asserted facts fit that claim or claims so as to evade dismissal of a complaint. The Court's role is to adjudicate disputes, not assist in asserting them.

*Tylicki v. Gee*, No. 2:08-CV-936, 2008 WL 112833, at *3 (S.D. Ohio Jan. 15, 2009). The pleading of Count 6 therefore fails to satisfy the requirements of a complaint in both form and substance, which means that it fails to provide sufficient notice of its precise claim and the facts upon which that claim is based. Count 6 thus fails to present a claim upon which this Court can grant relief. Dismissal of Count 6 is warranted. *See Shield v. Lewis, Rice & Fingersch*, No. 4:08-CV-1080-JCH, 2008 WL 3305686, at *1 (E.D. Mo. Aug 11, 2008); *Harwell*, 2008 WL 4442604, at *2. *See also Webb v. Veteran Affairs Med. Ctr.-Salisbury*, No. 1:08CV00149, 2008 WL 4981328, at *1 (M.D.N.C. Nov. 19, 2008).

## III. Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss. (Doc. # 7.) This Court dismisses Count 1 and Count 6 of Plaintiff's Complaint. Plaintiff's other claims in Counts 2 through 5 of the Complaint remain pending.

**IT IS SO ORDERED.**

                                         /s/ Gregory L. Frost
                                         GREGORY L. FROST
                                         UNITED STATES DISTRICT JUDGE